BINET *v.* GARCÍA, GUÁNICA CENTRALE, INTERVENTORA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 751.—Resuelto en mayo 3, 1912.

COBRO DE DINERO—EXCEPCIONES PREVIAS—RENUNCIA DE LA EXCEPCIÓN PREVIA DE FALTA DE CAUSA DE ACCIÓN.—La excepción previa de que la demanda no aduce hechos bastantes para determinar una causa de acción, no se entiende renunciado nunca, sino que por el contrario puede formularse en cualquier tiempo, aun por primera vez en la apelación, y aunque no se planteara, el tri-

bunal puede en todo caso considerarla y resolverla *motu propio*. Presentada esa excepción previa y retirada por la parte antes de que el tribunal la resolviera, puede volverla a presentar posteriormente, sin que se entienda que por haberla retirado la renunció.

Id.—Alegación de Pago—Interpretación Liberal de las Alegaciones.—La alegación tercera de la demanda en el caso de autos fué redactada en la siguiente forma: "Gestionando amistosamente el cobro de la misma, de la deudora, no ha sido posible hacerla efectiva." Se resolvió en apelación que tal alegación es suficientemente explícita para entender por ella que el rompimiento del contrato ha sido alegado. De acuerdo con el artículo 122 del Código de Enjuiciamiento Civil, las alegaciones deben ser interpretadas con liberalidad.

Presunciones—Mandante y Mandatario—Documento Simulado.—Si bien es cierto que de acuerdo con la presunción establecida en el párrafo segundo del artículo 101 de la Ley de Evidencia, un mandante no puede impugnar la relación contenida en un documento suscrito por su apoderado, dentro del ejercicio de sus funciones, este principio no rige cuando se alega la falsedad del documento por haber sido otorgado por el demandante y el apoderado para defraudar al mandante.

Id.—Pagaré Simulado—Pruebas—Impugnación del Documento.—De acuerdo con la doctrina establecida en el párrafo anterior es admisible prueba extraña a un pagaré presentado por el mandante del que suscribió dicho pagaré, para demostrar su simulación y que fué suscrito por el apoderado para defraudar a su mandante.

Pruebas—Apreciación del Tribunal Sentenciador—Pasión, Prejuicio o Parcialidad—Error Grave.—Cuando la prueba es contradictoria la apreciación que de ella haga el tribunal sentenciador no, será revocada a menos que se demuestre que obró con pasión prejuicio o parcialidad o con error manifiesto.

Intervención—Resolución de la Demanda de Intervención.—Presentada una demanda de intervención con la súplica de que en caso de que el demandado fuese condenado a pagar al demandante, se declare preferente el crédito del interventor, no habiendo sido condenado el demandado, no cometió error la corte al no resolver la súplica condicional de la demanda de intervención.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Pascasio Fajardo*.

Abogado del apelado: *Sr. José de Diego*.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La demanda en este caso tiene por objeto obtener el cobro de cierta cantidad de dinero, siendo todas sus alegaciones las siguientes:

"Primera: Que la demandada vecina de esta ciudad; soltera y mayor de edad, por conducto de su apoderado general, Don Isidro F. Sanjurjo, tomó a préstamo a este demandante, en 31 de marzo de 1909,

la cantidad de 5,000 dóllars, subscribiendo la obligación que copiada a la letra, dice así: .

" 'Por 5,000 dollars. Pagaré a la orden de Don José M. Binet, la suma de cinco mil dollars valor recibido; cuya cantidad será satisfecha a razón de un mil dollars cada día 31 de los meses de marzo de los años 1910 al 1914 inclusive, más sus intereses a razón de doce por ciento anual. Siendo convenido que vencido un plazo y no satisfecho se considerarán vencidos los demás y en libertad el acreedor de exigir la totalidad del crédito. El deudor se somete expresamente para cualquiera reclamación judicial consecuencia de esta obligación, a la Corte de Distrito del Distrito Judicial de Mayagüez. Mayagüez, 31 de marzo de 1909. Dolores García Sanjurjo, Por poder: Isidro F. Sanjurjo.

"Segunda: Dicha obligación según puede verse de su lectura, está vencida desde el día 31 del mes de marzo que acaba de vencer.

"Tercera: Gestionado amistosamente el cobro de la misma, de la deudora, no ha sido posible hacerla efectiva."

La señora demandada opuso la excepción de que la demanda no aducía hechos bastantes que determinasen una causa de acción, pero desistió de ella y presentó entonces una contestación que negaba los hechos de la demanda y alegaba además que el pagaré en que se basaba la reclamación es simulado, fingido y redactado únicamente para perjudicar a la demandada mediante confabulación del demandante y de la persona que lo suscribió.

En este pleito presentó la corporación "Guánica Centrale" una demanda de intervención interesando que, si se pronunciaba sentencia a favor del demandante, se declarase que la corporación interventora tenía prelación y preferencia para cobrar de la demandada determinada cantidad de dinero.

Celebrado el juicio durante el que demandante y demandada presentaron toda su evidencia, y además admitieron como ciertos los hechos alegados por la corporación interventora, los abogados de las partes argumentaron el caso; proponiendo entonces la demandada la excepción que presentó al principio de este pleito y que retiró después para contestar.

Dictada sentencia en 17 de abril de 1911, por ella se declaró sin lugar la demanda con imposición de costas al demandante.

Esta sentencia se fundó, según la opinión escrita del juez de la corte inferior, en que la excepción alegada debía sostenerse, porque la demanda no aducía hechos bastantes que determinasen una causa de acción contra la demandada; pero que además, la evidencia era favorable a la demandada, pues con ella la corte había llegado a la convicción de que la obligación que se reclamaba es simulada, siendo inexacto que el demandante haya entregado al Sr. Fernández Sanjurjo, la cantidad que ahora reclama de la poderdante de dicho señor.

Apelada esa sentencia por el demandante, presentó éste su alegato escrito en el que señala como primer motivo de error, el que la corte inferior considerase la excepción previa propuesta durante la argumentación final del caso, después que la demandada había renunciado su derecho a esa excepción, pues la había retirado cuando primeramente la formuló.

Esa excepción era la de que la demanda no aducía hechos bastantes para determinar una causa de acción, la que al igual que la de falta de jurisdicción, no se entiende renunciada nunca; de acuerdo con el artículo 109 del Código de Enjuiciamiento Civil, puede formularse en cualquier tiempo, aun por primera vez en la apelación, y aunque no se planteara, el tribunal puede en todo caso considerarla y resolverla *motu propio*.

*Pérez Hermanos* v. *Oliver,* 11 D. P. R., 397.

*Bas* v. *Ferrán,* 14 D. P. R., 190.

*López* v. *López,* 15 D. P. R., 725.

*Sucesores de J. Martínez* v. *T. Dávila y Ca.,* fallado en febrero 24, 1912.

Como esta es la ley y la jurisprudencia, no cometió la corte inferior el error que se le atribuye, pues el haber retirado esa excepción sin que la corte la resolviera, no impide el presentarla después.

Examinemos, pues, la demanda para determinar si adolece del defecto mencionado en la excepción aducida contra ella, fundada en que no se alega la falta de pago.

Es cierto que en toda acción sobre cumplimiento de contrato debe alegarse su incumplimiento, porque este es uno

de los hechos que dan vida a la acción, ya que no puede hacerse cumplir lo que no aparece haberse dejado de cumplir, por lo que en demandas en que se reclama el pago de alguna cantidad, debe alegarse de una manera clara que no ha sido pagada. En el presente caso la alegación tercera de la demanda es suficientemente explícita para entender por ella que el rompimiento del contrato ha sido alegado, ya que sus palabras son equivalentes a las de que la obligación se ha cobrado a la deudora, pero no la ha pagado, quedando así cumplido el artículo 122 del Código de Enjuiciamiento Civil que dispone que las alegaciones sean interpretadas con liberalidad.

Alegada pues, una obligación que estaba vencida y que no había sido pagada por la deudora, tenía la demanda todos los hechos esenciales para fundar la acción de cobro de lo debido.

Estamos, pues, ahora en condiciones para tratar las demás cuestiones propuestas, pero alterando el orden en que han sido formuladas, comenzaremos por la referente a la evidencia, la que fué apreciada por la corte inferior en la siguiente manera.

"Con efecto, la declaración de Don Isidro Fernández Sanjurjo, completamente desacreditada, por sus graves contradicciones, las manifestaciones poco satisfactorias del Sr. Binet, su manera de declarar, su afirmación de que no tenía dinero para realizar el préstamo habiéndolo tomado, la mitad al Sr. Fajardo y la otra mitad a su esposa de sus economías, para facilitárselo al Sr. Sanjurjo, con la única garantía de un documento privado, la circunstancia de haber sido jurado ante notario este documento, catorce meses después de la fecha en que aparece suscrito, y las declaraciones de los demás testigos del demandado, incluyendo a la Señorita Sanjurjo, quien asegura no haber tenido nunca conocimiento de esta obligación, todos estos hechos, detenidamente analizados, traen a nuestro ánimo la convicción de que en este caso, se trata de una obligación simulada, siendo inexacto que el demandante haya entregado al Sr. Sanjurjo la suma que se reclama."

Después de nosotros haber examinado detenidamente la

evidencia que aparece en la transcripción de los autos, vemos que la corte estuvo acertada en la apreciación que hizo de la evidencia, y que no ha cometido los errores que le atribuyen los motivos 5º. y 6º. del alegato del apelante.

Se basa el primero de estos dos errores en que habiéndose presentado el documento privado en que consta la obligación, es esta una evidencia directa que según el inciso 2º. del artículo 101 de la Ley de Evidencia, se estima como presunción concluyente, que es incontrovertible, por lo que el juez estaba obligado a dictar su fallo de acuerdo con tal documento.

Si bien es cierto que como consecuencia de la presunción a que se hace referencia en el párrafo anterior, un mandante no puede impugnar la relación contenida en un documento suscrito por su apoderado, dentro del ejercicio de sus funciones, este principio no rige cuando se alega la falsedad del documento por haber sido otorgado por el demandante y el apoderado para defraudar al mandante.

Bajo esta regla y toda vez que la contestación contenía la defensa de que el documento base de la demanda era simulado entre el demandante y el que lo suscribió como apoderado de la demandada para defraudarla, no cometió la corte inferior error al tomar en consideración otra evidencia tendente a contradecir las manifestaciones de ese documento. Además, la demandada no había perdido ese derecho, toda vez que juró su contestación, en que negaba la autenticidad del pagaré inserto en la demanda.

En cuanto al sexto motivo, se alega en él que, al realizar el demandante su préstamo al apoderado de Doña Dolores García Sanjurjo, lo hizo de buena fe y sin mediar entre ellos simulación.

La cuestión debatida en este pleito ha sido precisamente si la obligación reclamada fué o nó simulada entre el demandante y Don Isidro Fernández Sanjurjo para perjudicar a la demandada, siendo esta una cuestión de hecho que había de resolver el juez en vista de toda la evidencia, y habiendo

él decidido el conflicto de ella en sentido favorable a la señora demandada, o sea de que existió la simulación que ella alegó, decisión sostenida por la evidencia, y no habiéndose alegado, ni menos demostrado, pasión, prejuicio ni parcialidad por parte del juez sentenciador, ni apareciendo de la transcripción de los autos error grave en la apreciación de la evidencia, hemos de sostener el juicio que de la misma formó, con el que estamos conformes y es por tanto insostenible ese motivo de error.

El séptimo motivo se funda en que la sentencia es nula porque no resuelve la demanda de intervención de la "Guánica Centrale."

Este fundamento es insostenible, pues si esa corporación pedía que se resolviera su petición en caso de que fuese condenada la demandada, desde el momento en que no lo fué, no habiendo la sentencia reconocido al demandante derecho a cobrar de la demandada, holgaba y era impertinente una declaración de la corte de que la "Guánica Centrale" hubiera de cobrar antes o después del demandante, cuando éste nada tiene derecho a cobrar.

Hemos dejado para lo último los motivos segundo, tercero y cuarto del recurso, porque refiriéndose a infracciones de la ley que rige las relaciones entre mandante y mandatario por obligaciones contraídas por éste, es inútil considerarlas, desde que se declara que la obligación reclamada no es verdadera sino simulada entre el demandante y el Señor Fernández Sanjurjo, ya que es imposible que una obligación simulada produzca efectos civiles.

Como la sentencia apelada se sostiene por el fundamento de la apreciación de la evidencia hecha por la corte inferior, debe ser confirmado el fallo recurrido y desestimarse el recurso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.